**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

ROLANDIS CHATMON
ADC #140078                                                                                          PLAINTIFF

v.                                          4:26-cv-00314-JM-JJV

A. ROGERS, Lieutenant, *et al.*                                                        DEFENDANTS

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr.  Any party may serve and file written objections to this Recommendation.  Objections should be specific and include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this Recommendation.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

**I.      DISCUSSION**

Plaintiff Rolandis Chatmon is a prisoner who has filed this *pro se* action seeking relief under 42 U.S.C. § 1983.  Prior to filing this lawsuit, he accumulated three strikes as defined by 28 U.S.C. § 1915(g).[1]  Consequently, Plaintiff could proceed *in forma pauperis* only if he demonstrated: (1) he was in imminent danger of serious physical injury at the time the complaint was filed; and (2) there is a risk of ongoing danger or future injury.  *See Charron v. Allen*, 37 F.4th 483, 486 (8th Cir. 2022) (imminent danger "must exist at the time the complaint or appeal is filed,

---

[1] *Chatmon v. Kemp,* 4:20-cv-883-BRW (E.D. Ark. Aug. 5, 2020); *Chatmon v. Henry,* 4:23-cv-00689-LPR (E.D. Ark. Feb. 13, 2024); *Chatmon v. Faulkner Cn*ty., Ark., 4:24-cv-179-BRW (E.D. Ark. Feb. 29, 2024).

not when the alleged wrongdoing occurred"); *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003) ("By using the term 'imminent,' Congress indicated that it wanted to include a safety valve for the three strikes rule to prevent impending harms, not those harms that had already occurred"); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998) ("Allegations that the prisoner has faced imminent danger in the past are insufficient).

On April 29, 2026 , I denied Plaintiff permission to proceed *in forma pauperis* because: (1) his allegations of excessive force that occurred eighteen months before he filed the Complaint did not place him in "imminent" danger; (2) his more current allegations regarding interference with his mail, false disciplinaries, and denial of yard call did not place him in danger of a "serious physical injury;" and (3) this Court decided, in *Chatmon v. Rogers*, 4:26-cv-00368-JM-JTK (Docs. 2, 3), that very similar allegations raised by Plaintiff did not satisfy the imminent danger exception in § 1915(g).  (Doc. 4.)  I then gave Plaintiff fourteen days to pay the filing fee in full and cautioned him I would recommend dismissal if he did not.  (*Id*.)

Plaintiff has not complied with my instructions, and the time for doing so has passed. Therefore, Plaintiff's Complaint should be dismissed without prejudice.  If Plaintiff wishes to proceed with this action, he must pay the $405 fee in full with his objections to this Recommendation.

## II.     CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.     Plaintiff's Complaint (Doc. 1) be DISMISSED without prejudice.

2.     The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting this Recommendation and the accompanying Judgment would not be taken in good faith.

DATED this 19th day of May 2026.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

3